**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| KIMN S. SULLIVAN a/k/a KIMBERLY SULLIVAN,<br><br>             Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>             Defendants. | Case No. 9:21-CV-80828-WPD |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**DEFENDANT BANK OF AMERICA, N.A'S MOTION TO DISMISS**

Pursuant to Federal Rule of Evidence 201, Defendant Bank of America, N.A. ("BANA") respectfully requests that the Court take judicial notice of and consider each of the following documents referenced in the Declaration of J. Randolph Liebler ("Liebler Declaration") in support of BANA's Motion to Dismiss Plaintiff's Class Action Complaint ("Complaint"):

1. The Tax Year 2020 property tax appraisal for 5 Marina Gardens Drive, Palm Beach Gardens, Florida 33410 (the "Property"), publicly available through the Palm Beach County Property Appraiser and available at https://www.pbcgov.org/papa/Asps/PropertyDetail/PropertyDetail.aspx?parcel=52434205280000580&srchtype=ADV&owner=Sullivan%20Kimn&streetno=5&prefix=&streetname=&suffix=&postdir=&unitno=&srchparcel=&range=&twp=&section=&book=&page=&legal=&subdiv=&muni=&zip=&usetype=&condo=, a true and correct copy of which is attached to the Liebler Declaration as Exhibit A.

2. The special warranty deed issued May 8, 2012, between Marina Gardens Property Owners Association Inc. and Kimn S. Sullivan, regarding the Property, publicly available through the Clerk of the Circuit Court & Comptroller of Palm Beach County, Florida, and available at http://oris.co.palm-beach.fl.us/or_web1/details.asp?doc_id=19056090&index=11&file_num=20120189121, a true and correct copy of which is attached to the Liebler Declaration as Exhibit B.

3. BANA's Complaint to Foreclose Mortgage, in *Bank of America, N.A. v. Mandal*, No. 50-2012-CA-013849 (Fla. Circuit Court, Fifteenth Judicial Circuit, July 18, 2012), Dkt. No. 5 ("Foreclosure Action"), a true and correct copy of which is attached to the Liebler Declaration as Exhibit C.

4. BANA's Amended Verified Complaint to Foreclose Mortgage, in the Foreclosure Action, Dkt. No. 46 (March 4, 2014), a true and correct copy of which is attached to the Liebler Declaration as Exhibit D.

5. Kimn Sullivan's Answer and Affirmative Defenses, and Counterclaim, in the Foreclosure Action, Dkt. No. 133 (March 16, 2018), a true and correct copy of which is attached to the Liebler Declaration as Exhibit E.

6. Sullivan's Notice of Voluntary Dismissal of Counterclaim, in the Foreclosure Action, Dkt. No. 154 (June 7, 2018), a true and correct copy of which is attached to the Liebler Declaration as Exhibit F.

7. Sullivan's Verified Complaint, in *Sullivan v. Bank of America, NA*, No. 50-2019-CA-009060 (Fla. Circuit Court, Fifteenth Judicial Circuit, July 16, 2019), Dkt. No. 5 ("Sullivan's Separate Action"), a true and correct copy of which is attached to the Liebler Declaration as Exhibit G.

8. Sullivan's Notice of Voluntary Dismissal, in Sullivan's Separate Action, Dkt. No. 17 (May 7, 2021), a true and correct copy of which is attached to the Liebler Declaration as Exhibit H.

9. Defendant Kimn Sullivan's Motion for Leave to File an Amended Answer and Affirmative Defenses to Complaint and Add Counterclaim, in the Foreclosure Action, Dkt. No. 231 (Jan. 16, 2020), a true and correct copy of which is attached to the Liebler Declaration as Exhibit I.

10. Order on Defendant Kimn Sullivan's Motion for Leave to File an Amended Answer and Affirmative Defenses to Complaint and Add Counterclaim, in the Foreclosure Action, Dkt. No. 249 (May 15, 2020), a true and correct copy of which is attached to the Liebler Declaration as Exhibit J.

11. BANA's Motion to Dismiss Counterclaim, in the Foreclosure Action, Dkt. No. 252 (June 29, 2020), a true and correct copy of which is attached to the Liebler Declaration as Exhibit K.

12. Order Dismissing Counterclaims (With Leave to Amend), in the Foreclosure Action, Dkt. No. 256 (Aug. 25, 2020), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit L</u>.

13. Plaintiff's First Amended Counterclaim, in the Foreclosure Action, Dkt. No. 258 (Sept. 9, 2020), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit M</u>.

14. BANA's Motion to Dismiss and Strike Defendant/Counterclaim Plaintiff's Kimn S. Sullivan, First Amended Counterclaim, in the Foreclosure Action, Dkt. No. 259 (Sept. 29, 2020), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit N</u>.

15. Order on Plaintiff/Counterclaim Defendant's Bank of America, N.A., Motion to Dismiss and Strike Defendant/Counterclaim Plaintiff's Kimn S. Sullivan, First Amended Counterclaim, in the Foreclosure Action, Dkt. No. 266 (Feb. 3, 2021), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit O</u>.

16. Mediation Report and Notice of Adjournment, in the Foreclosure Action, Dkt. No. 270 (Apr. 7, 2021), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit P</u>.

17. Mediation Report and Notice of Impasse, in the Foreclosure Action, Dkt. No. 273 (May 17, 2021), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit Q</u>.

18. Motion to Strike Affirmative Defenses, in the Foreclosure Action, Dkt. No. 295 (July 12, 2021), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit R</u>.

19. Notice of Lis Pendens, in the Foreclosure Action, Dkt. No. 6 (July 18, 2012), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit S</u>.

20. Defendant's *Ex Parte* Motion to Compel Discovery, in the Foreclosure Action, Dkt. No. 156 (July 5, 2018), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit T</u>.

21. Notice of Special Appearance of attorney Margery E. Golant, in the Foreclosure Action, Dkt. No. 67 (Apr. 8, 2015), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit U</u>.

22. Motion to Withdraw as Counsel of Margery E. Golant, in the Foreclosure Action, Dkt. No. 142 (May 23, 2018), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit V</u>.

23. Notice of Appearance and Designation of Email Addresses of Amanda L. Lundergan, in the Foreclosure Action, Dkt. No. 144 (May 24, 2018), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit W</u>.

24. Order Granting the Motion to Withdraw as Counsel of Margery E. Golant, in the Foreclosure Action, Dkt. No. 146 (May 31, 2018), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit X</u>.

25. Notice of Attorney Appearance for Jessica L. Kerr, in the Foreclosure Action, Dkt. No. 230 (Jan. 17, 2020), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit Y</u>.

26. Notice of Appearance as Co-Counsel for Paul Alexander Bravo, in the Foreclosure Action, Dkt. No. 257 (Sept. 9, 2020), a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit Z</u>.

27. Foreclosure Action Docket Report, a true and correct copy of which is attached to the Liebler Declaration as <u>Exhibit AA</u>.

## **ARGUMENT**

Although a court ruling on a motion to dismiss "primarily consider[s] the allegations in the complaint," in some cases, its analysis can—and should—extend beyond "the four corners of the complaint." *Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (internal quotation marks and alterations omitted) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)). Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A district court may take judicial notice of facts that meet these criteria without converting a motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

Public documents and records meet the Rule 201 criteria and are thus "among the permissible facts that a district court may consider." *Universal Express, Inc. v. S.E.C.*, 177 F.

App'x 52, 53 (11th Cir. 2006) (citing *Bryant*, 187 F.3d at 1278); *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1081 (S.D. Fla. 2019) ("A court properly takes judicial notice of relevant public records in deciding a motion to dismiss, and consideration of such documents does not convert a motion to dismiss into one for summary judgment."). Public records eligible for judicial notice include documents filed in the course of litigation. *See, e.g.*, *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (district court properly took judicial notice of filings from plaintiff's prior lawsuit); *Universal Express*, 177 F. App'x at 53 (per curiam) ("Because the complaint filed in the Southern District of New York is a public document, the district court was not obliged to convert the motion to dismiss to one for summary judgment or comply with the notice requirements of Rule 56(c)."). And Courts readily take judicial notice of public records and information made available through government websites. *See, e.g.*, *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, 2017 WL 3503371, at *7 (S.D. Fla. Aug. 15, 2017) (noting the lack of a reasonable or understandable objection to a court taking "judicial notice of information publicly available from an official government website"); *Pyure Brands, LLC v. Nascent Health Science LLC*, 2019 WL 7945226, at *3 (S.D. Fla. March 4, 2019) (same, and collecting cases); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.").

Each document referenced above is a public document or public record plainly eligible for judicial notice. The property tax appraisal (Exhibit A) and special warranty deed (Exhibit B) are public records made available through government websites. The property tax appraisal is available through the website of the Palm Beach County Property Appraiser. And the special warranty deed is available through the "Public Search" feature on the website of the Clerk of the Circuit Court & Comptroller of Palm Beach County, Florida.[1] A simple search of the relevant parties' names calls up the documents. Since these documents are publicly available through a government website, the Court may notice these documents. *See, e.g.*, *Setai Hotel Acquisition*, 2017 WL 3503371, at *7 (taking judicial notice of information publicly available on official government website); *Pyure Brands, LLC*, 2019 WL 7945226, at *3 (same).

---

[1] The Clerk's Office search is available at http://oris.co.palm-beach.fl.us/or_web1/or_sch_1.asp.

9:21-CV-80828-WPD

In addition, Courts in this Circuit routinely recognize that documents filed in prior litigation meet the Rule 201 criteria. *See, e.g.*, *Horne v. Potter*, 392 F. App'x at 802; *Universal Express*, 177 F. App'x at 53. This Court should thus take judicial notice of the pleadings and other filings from BANA's foreclosure action and Plaintiff's state court action against BANA (Exhibits C through AA).

## **CONCLUSION**

Based on the foregoing, BANA respectfully requests that the Court take judicial notice of all of the documents referenced above and consider them in deciding BANA's Motion to Dismiss.

DATED: July 16, 2021

Respectfully submitted,

/s/ *Allen W. Burton*
Allen W. Burton (*pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000
aburton@omm.com

William K. Pao (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000
wpao@omm.com

/s/ *J. Randolph Liebler*
J. Randolph Liebler (Florida Bar #507954)
Dora F. Kaufman (Florida Bar #771244)
LIEBLER, GONZALEZ & PORTUONDO
44 West Flagler Street, Courthouse Tower,
25th Floor
Miami, FL 33130
(305) 379-0400
jrl@lgplaw.com
dfk@lgplaw.com
(*Local Counsel*)

*Attorneys for Defendant Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY the foregoing document was filed with the Clerk of the Court using CM/ECF on this 16th day of July, 2021.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

*/s/     J. Randolph Liebler*
J. RANDOLPH LIEBLER