IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

KIMN S. SULLIVAN a/k/a
KIMBERLY S. SULLIVAN

    Plaintiff,

vs.

BANK OF AMERICA, N.A., et al.,

    Defendants.
_____/

CASE NO.: 9:21-CV-80828-WPD

Judge: William P. Dimitrouleas
Magistrate Judge: William Matthewman

### DEFENDANT SAFEGUARD PROPERTIES MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND <u>MEMORANDUM OF LAW IN SUPPORT</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Safeguard Properties Management, LLC ("Safeguard") moves to dismiss the claims asserted against it in Plaintiff Kimn Sullivan's ("Plaintiff") Amended Class Action Complaint ("Amended Complaint") with prejudice.[1]

### MEMORANDUM OF POINTS AND AUTHORITIES

#### Introduction

In her amended complaint, Plaintiff alleges two claims against Safeguard: a RICO claim and a claim for a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Plaintiff's allegations in the Amended Complaint make clear that each of these two claims asserted against Safeguard should be dismissed, as Plaintiff alleges that Safeguard did nothing more than provide a service due under a contract with another party, Defendant Bank of America, N.A. ("BANA"). As the Amended Complaint reflects, Safeguard—as BANA's hired vendor—does not have a contractual relationship, fiduciary relationship, or any other type of relationship with

---

[1] Only two claims in Plaintiff's seven count Amended Complaint apply to Safeguard: Counts V and VII. This motion does not address the other counts in the Amended Complaint.

Plaintiff that would or could support her claims against Safeguard. In short, the Amended Complaint does not allege any interaction between Plaintiff and Safeguard. Indeed, Safeguard pointed out this lack of relationship between it and Plaintiff in its Motion to Dismiss Plaintiff's original complaint (Doc. #18). Despite this argument in Plaintiff's prior motion, Plaintiff, upon amending her complaint, notably still wholly fails to allege any relationship giving rise to any duty on Safeguard's part.

Plaintiff's failure to allege any relationship with Safeguard giving rise to any direct duty owed to her by Safeguard, as well as her failure to plead fraud with the requisite particularity, entirely undermine her RICO claim as to Safeguard. Plaintiff also fails to allege that Safeguard engaged in any conduct that could give rise to a claim under FDUTPA.

Plaintiff's inability to substantiate her factual allegations against Safeguard to support her claims, despite her amending her complaint in response to the very same legal arguments set forth anew herein, underscores her inability to state a claim against Safeguard. Indeed, her only substantive change was to not replead a claim for unjust enrichment. At this juncture, given the absence of any additional substantive allegations against Safeguard, Plaintiff's claims against Safeguard should be dismissed with prejudice as deficiencies in Plaintiff's remaining claims against Safeguard persist, uncured and unsupported by fact or law.

I. **Factual and procedural background**[2]

This putative class action is brought by Plaintiff, who alleges she purchased and is the current titleholder of property located at 5 Marina Gardens Drive, Palm Beach Gardens, Florida 33410 (the "Property"). (Am. Compl. ¶ 73). Plaintiff does not allege that she is the mortgagor or

---

[2] As Plaintiff did not modify her allegations against Safeguard in her Amended Complaint, the factual background discussed herein is nearly identical the factual background discussion in Safeguard's first motion to dismiss, filed on July 16, 2021, (Doc. 18), except for removal of discussion of Plaintiff's now-eliminated unjust enrichment claim.

that she ever assumed the original borrower's—Anita Mandal—mortgage agreement with BANA. The Amended Complaint alleges that BANA is the mortgage lender and servicer on the property, and in connection with its home-mortgage servicing, BANA charges fees on borrowers' accounts when they are behind on their mortgage payments. (Am. Compl. ¶¶ 1, 71). As support for her claims, the Amended Complaint alleges that BANA "illegally, unfairly, and fraudulently charge[s] defaulted or at-risk-of-default borrowers for multiple and repetitive 'property inspections' that are not required by lenders, not permitted by lender guidelines, and in many cases, not allowed under state and federal regulations and guidelines." (Am. Compl. ¶ 1).

The Amended Complaint alleges that BANA's conduct with respect to servicing the mortgage is motivated by generating fees, because the risk of loss is reduced if the borrower defaults on the loan from the profit BANA can make from fees associated with default servicing activities, including property inspection fees that BANA charges the borrower. (Am. Compl. ¶¶ 23, 26). The Amended Complaint further alleges that as the loan servicer, BANA is responsible for ordering property inspections. (Am. Compl. ¶¶ 36-39, 44). Whether a property inspection fee can be validly assessed to the borrower, the Amended Complaint alleges, is determined by the mortgage agreement—an agreement to which Safeguard is indisputably not a party. (Am. Compl. ¶ 53.) The Amended Complaint alleges that BANA assessed fees for excessive property inspections on the property. (Am. Compl. ¶¶ 53, 80) Notably, the Amended Complaint does not allege that Safeguard charged Plaintiff for any inspections or that Safeguard had any type of relationship or interaction with Plaintiff.[3]

---

[3] To the contrary, Plaintiff alleges that the inspections performed by the "third-party inspection vendors and/or property inspectors", (Am. Compl. ¶ 54), are "drive-by property inspections." Am. Compl. ¶ 7.

Safeguard is not the loan servicer, and the Amended Complaint does not allege that Safeguard is the loan servicer. Rather, Safeguard is the property preservation company that BANA hires to coordinate the property inspections and other preservation services. (Am. Compl. 53). Specifically, the Complaint alleges that BANA orders property inspections, which generate work orders for Safeguard. (Am. Compl. ¶ 62). As part of the service that it performs for BANA, Safeguard, like any for-profit business, sets the fees that it charges to BANA so that Safeguard makes a profit. (Am. Compl. ¶ 54). Safeguard's contractual relationship is solely with BANA and, pursuant to that relationship, BANA pays Safeguard for the inspection services. (Am. Compl. ¶ 63). Then, pursuant to a separate agreement to which Safeguard is not a party, BANA assesses fees for the inspection services that BANA ordered. (Am. Compl. ¶¶ 62, 63). The Amended Complaint alleges that BANA does not "consistently disclose these inspection charges,", (Am. Compl. ¶ 63), but the Amended Complaint does not allege that Safeguard has any control, input, or influence on how, why, or when BANA issues invoices as part of BANA's loan servicing. Thus, Safeguard's sole involvement in this action is that Safeguard provides a service to BANA and BANA pays Safeguard for that service. Any arrangement between BANA and Plaintiff (if one exists), including whether BANA charges Plaintiff for such inspections in accordance with any such arrangement, does not give rise to claims against Safeguard.

The Amended Complaint does not allege that Safeguard has a contractual relationship with Plaintiff or that Safeguard charges, invoices, or otherwise bills Plaintiff in any manner. Instead, the Amended Complaint alleges that BANA orders the property inspections as part of BANA's "unilateral and self-serving determination *en masse* that conducting these excessive property inspections is 'appropriate' regardless of the borrowers' underlying circumstances or any objection

criterion related to the circumstances surrounding particular loans"[4] and that Safeguard "accept[s] BOA's automated property inspection orders. . . " (Am. Compl. ¶ 32, ¶ 54).

The Amended Complaint does not allege that Safeguard is a party to any of the loans held or serviced by BANA.  Nor does the Amended Complaint allege that Safeguard has any knowledge of any of the circumstances surrounding any particular loans held by and/or serviced by BANA.  Safeguard is merely the contractual vendor hired by BANA to facilitate inspection of properties. (Am. Compl. ¶¶ 62-63).  And in return, Safeguard charges BANA a fee for the services that it provides to BANA. (Am. Compl. ¶ 274).  Nothing more.  Indeed, the crux of Plaintiff's claims against Safeguard is that Safeguard "accept[ed] BOA's automated property inspection orders," . . . "automatically add[ed] a mark-up to the price of the inspections," . . . "issued their own inspection orders that are sent to subcontracted third-party inspection vendors and/or property inspectors" and that these subcontracted vendors "accept[ed] Safeguard's excessive and property inspection orders. . ."[5] (Am. Compl. ¶54).  In other words, Plaintiff alleges that Safeguard made a profit.

Based on this factual predicate, Plaintiff includes two claims against Safeguard in her seven count Amended Complaint.  She alleges in Count V that Safeguard violated FUDTPA, Fla Stat., §§ 501.201, et seq.; and she alleges violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"),  in Count VII.  Plaintiff cannot state a plausible claim for relief against Safeguard on either of these claims, as Safeguard did nothing more than provide the inspection service that it was contracted to perform for BANA.

---

[4] To be clear, these allegations are disputed.  However, even accepting these allegations as true for the purposes of a motion to dismiss does not import liability on Safeguard.

[5] Plaintiff does not name any of "subcontracted third-party inspection vendors and/or property inspectors," Am. Compl. ¶ 54, as defendants in this action.

## II. Legal Standard

To survive a motion to dismiss, Plaintiff must allege facts that state a "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Facial plausibility" requires factual allegations "that allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). If "the facts as pled [in the count] do not state a claim for relief that is plausible on its face," the count must be dismissed. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir.2009)). Moreover, "only *well pleaded* factual allegations are taken as true and only *reasonable* inferences are drawn in favor of the plaintiff." *United States v. Kottemann Law Firm PLLC,* 3:12CVV114/MCR/CJK, 2013 WL 3866525, at *2 (N.D. Fla. July 25, 2013)(emphasis in original)(citing *Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir. 1992)). Mere "labels and conclusions" are not accepted as true and "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly,* 550 U.S. at 555. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. This is because "the conclusory nature" of such allegations "disentitles them to the presumption of truth." *Id.* at 681. The claims against Safeguard in the Amended Complaint must be dismissed.

## III. Legal Argument

### A. Plaintiff fails to state a claim for RICO violations

Plaintiff's civil RICO claim should be dismissed. Plaintiff fails to allege that Safeguard owed her any duties; her claims are merely reformulated contract claims as between Plaintiff and

BANA; and she failed to plead fraud, upon which her RICO claim is premised, with sufficient specificity.

i.   *Plaintiff fails to allege any duty to disclose owed by Safeguard*

Plaintiff's RICO claims are a carbon copy of the RICO claims she alleged in the original complaint. The claims are premised on alleged claims of fraud by misrepresentation and/or omission (i.e., failure to disclose) with respect to the property inspection fees that BANA assessed. (*See* Am. Compl. ¶¶ 78, 288-295.) Specifically, Plaintiff alleges that the Defendants engaged in "virtually uniform misrepresentations, concealments, and material omissions" and by "means of materially false or fraudulent pretenses, representations, promises, or omissions of material fact." *Id.* at ¶¶ 288-289.  As a fundamental matter, Plaintiff does not allege a *single* misrepresentation made by Safeguard; indeed, as previously noted, Plaintiff does not allege that there was *any* relationship or interaction whatsoever between her and Safeguard.  Thus, Plaintiff's claims against Safeguard can only be based on claims of omission or non-disclosure.  "[N]ondisclosure of material information can constitute a violation of the mail and wire fraud statutes where a defendant has a duty to disclose either by statute or otherwise." *McCulloch v. PNC Bank Inc*., 298 F.3d 1217, 1225 (11th Cir.2002). However, to support a RICO claim for "fraudulent concealment, or nondisclosure" plaintiff must plausibly allege the defendant had "a duty to disclose" in the complaint. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir. 2007).

Here, Plaintiff fails to allege any independent duty owed by Safeguard to Plaintiff, let alone a breach of any such duty.  Any relationship Plaintiffs had was with BANA and not Safeguard.  Safeguard did not contract with Plaintiff; Safeguard did not invoice Plaintiff; Safeguard did not have involvement with any loan or mortgage issues.  Safeguard simply coordinated contractors to

049793.000012 4865-1458-7905.2

perform work orders at the request of BANA. As the Amended Complaint makes clear, BANA assessed the fees and added them to the loan balance—Safeguard did no such thing.

Indeed, the only duties even alleged in the Amended Complaint are those owed by the loan servicer. (Am. Compl. ¶ 17). Safeguard merely had orders from BANA pursuant to its contractual relationship with BANA regarding property inspections. (Am. Compl. ¶¶ 62, 63). Upon accepting BANA's property inspection orders, as alleged in the Amended Complaint, Safeguard automatically issued its own inspection orders "that are sent to subcontracted third-party inspections vendors and/or property inspectors" who perform the inspections. (Am. Compl. ¶¶ 54-55). Once the inspections were complete, Safeguard charged BANA for its services, earning a profit less the amount paid to Safeguard's contractor for completing the inspections. (Am. Compl. ¶¶ 62, 63, 274). The factual allegations in the Amended Complaint do not create any independent duty owed by Safeguard to Plaintiff as required to support her RICO claim against Safeguard. Nor does Plaintiff allege otherwise. In fact, Plaintiff wholly fails to allege any interaction between her and Safeguard; certainly, she does not allege that Safeguard made any affirmative misrepresentations and, without any relationship or other duty, Safeguard cannot be liable for a violation of RICO by virtue of any omissions or nondisclosures. Consequently, she does not and cannot state a RICO claim against Safeguard.

 ii. *Plaintiff's RICO claims are nothing more than reformulated contract claims*

Federal courts routinely reject attempts to recast common law fraud, business tort, breach of contract or other state common law claims as RICO predicate acts. *See, e.g., Faryniarz v. Ramirez*, 62 F. Supp. 3d 240, 254 (D. Conn. 2014); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, No. 12 Civ. 8205, 2013 WL 3943267, at *9 (S.D.N.Y. July 31, 2013). "[C]ourts have an obligation to carefully scrutinize a RICO claim to separate the meritorious from those which have merely

049793.000012 4865-1458-7905.2

recast common law fraud and breach of contract claims as violations of federal law." *Faryniarz*, 62 F. Supp. 3d at 251; *see also Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996) (discussing RICO claims based on reformulated copyright infringement claims).

Plaintiff's RICO claims are entirely based on her claims that the terms of the mortgage and note were breached. Under Plaintiff's theory, either the fees that BANA added to the loan balance were authorized under the mortgage (to which Safeguard is not a party) or they were not. And even if they were not, "to hold that a wrongfully charged fee constitutes, in itself, a misrepresentation, would be to broaden the word's meaning, and the reach of RICO, past the point of meaning." *See Braswell Wood Co., Inc. v. Waste Away Group, Inc*., No. 2:09-cv-891-WKW, 2010 WL 3168125, at *4 (M.D. Ala. Aug. 10, 2010). Yet, here, the allegations are even more attenuated because Safeguard was not a party to any contractual relationship that may or may not have existed between BANA and Plaintiff. Surely, if Plaintiff cannot state a cause of action against BANA for a violation of RICO for charging fees not permitted under a contract, Safeguard – with whom Plaintiff was not in privity – cannot be liable either.

The Amended Complaint makes abundantly clear that, at its core, Plaintiff's dispute regarding the inspection fees is a contract dispute with the loan servicer, BANA. Plaintiff cannot transform that run-of-the-mill contract dispute into a RICO claim against Safeguard, who is not even a party to the contract or any other agreement with Plaintiff.

 iii.   *Plaintiff failed to plead her RICO claim with sufficient specificity*

To state a RICO claim sounding in fraud, as Plaintiff tries to do here, plaintiffs must satisfy not only the pleading requirements of Federal Rule of Civil Procedure 8, but also the specificity requirement of Rule 9(b). *Am. Dental Ass'n v. Cigna Corp*., 605 F.3d 1283, 1291 (11th Cir. 2010). The Eleventh Circuit has held that, under Rule 9(b), a plaintiff must allege: "(1) the precise

9

statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (applying the requirements to a RICO fraud complaint). Additionally, "[t]he plaintiff must allege facts with respect to each defendant's participation in the fraud." *Id*. at 1381.

Here, Plaintiff does no such thing as it relates to Safeguard, and Plaintiff fails to satisfy the heightened pleading requirement. Plaintiff fails to allege a single precise statement or misrepresentation made by Safeguard. Nor does Plaintiff allege any specific information that Safeguard was required to provide to her but did not. She does not allege precisely what wrongful act Safeguard performed. Plaintiff does not allege with any particularity when Safeguard failed to act in a way that violated any duties owed to her. Plaintiff does not allege how she was misled by Safeguard's conduct. And the reason for these pleading deficiencies is obvious. How could she meet the pleading standard? After all, Safeguard merely facilitated inspections based on orders issued by BANA. There are no actions by Safeguard alleged in the Amended Complaint that could give rise to a RICO claim against Safeguard. Plaintiff's cries of fraud are entirely conclusory, which is insufficient to state a cause of action. *See Twombly,* 550 U.S. at 555

Finally, beyond pointing out Safeguard's "profit" from engaging a vendor to perform inspections, (Am. Compl. ¶ 54), Plaintiff does not identify with specificity what Safeguard gained by the alleged fraud. One would assume that Safeguard made a profit (it is, after all, a for-profit business). But, if making a profit creates a predicate for a RICO claim, then there is no limit to the breadth of RICO violations that could be alleged.

The absence of particularity reveals the entirely speculative nature of Plaintiff's RICO claim against Safeguard. The only facts Plaintiff alleges with any particularity are the basic facts of Safeguard's alleged contractual relationship with BANA; Safeguard facilitated property inspections that BANA ordered and charged BANA a fee for those inspections. But those are not allegations that can satisfy a fraud claim. Plaintiff's RICO claim against Safeguard should be dismissed.

### B. Plaintiff fails to state a claim for relief under FDUTPA

Plaintiff's FDUTPA claim should also be dismissed because she has not and cannot plausibly allege that Safeguard committed a deceptive act or unfair practice that caused Plaintiff damages. "A consumer claim under FDUTPA must have three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Lombardo v. Johnson & Johnson Consumer Companies, Inc.*, 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015).

As to the first element, there are no plausible allegations that Safeguard did anything deceptive or unfair with regard to Plaintiff. The most Plaintiff alleges is that Safeguard charged BANA a markup for the inspection services that were performed at the request of BANA so that Safeguard could earn a profit from the services it performed. Such a standard and – presumed – business practice is not deceptive or unfair. Indeed, Plaintiff's entire FDUTPA cause of action is based on "[t]he issuance of fees for unauthorized services in connection with loan servicing." (Am. Compl. ¶ 244). But Safeguard does not issue any fees to Plaintiff for anything, whether connected to loan servicing or otherwise.

Moreover, as relates to Safeguard, Plaintiff fails to allege causation between the services Safeguard contractually provides to BANA and Plaintiff's alleged damages. Plaintiff, after all, contends that BANA improperly added the property inspection fees to the loan balance. (Am.

Compl. ¶¶ 194, 196, 244, 246). Safeguard has no control over when or how much in fees BANA assesses for property inspections that BANA orders. *See Lombardo v. Johnson & Johnson Consumer Companies, Inc.*, 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015) (explaining that upstream "Defendants' allegedly deceptive pricing practices are too remote and speculative to satisfy the causation element. Defendants themselves do not set the retail prices of the Products; rather, they make price suggestions to retailers, who ultimately set the prices."). Safeguard provides services for BANA when ordered by BANA. (Am. Compl. ¶ 62, 63, 67, 194). BANA then determines what fees to assess and add to the loan balance, to which Safeguard has no connection. (Am. Compl. ¶¶ 244, 246). Whatever Plaintiff's damages may be, if any, they were not directly caused by Safeguard, which is required to state a FDUTPA claim.

### C. Plaintiff neglected to amend her claims against Safeguard

It is telling that Plaintiff is asserting both factually and legally the exact same claims against Safeguard in her Amended Complaint as she did in the original complaint with the exception that she has eliminated a claim of unjust enrichment in the Amended Complaint.

Safeguard filed a motion to dismiss Plaintiff's original complaint on July 16, 2021 (Doc. 18), presenting the very same legal arguments as are presented in this motion, as well as arguing why Plaintiff's then-alleged unjust enrichment claim also failed. Plaintiff did not directly respond to the arguments raised in Safeguard's motion to dismiss. Instead, with consent of both defendants, she sought leave to file an Amended Complaint (Doc. 24), explaining that: "In researching and preparing a response to the Defendants' respective motions to dismiss, Plaintiff found the necessity to amend the Complaint to address certain raised deficiencies and to conduct this litigation more effectively. In addition, further investigation revealed additional claims to be raised." (Doc. 24,

12

049793.000012 4865-1458-7905.2

para. 3). This Court granted Plaintiff leave to amend on August 30, 2021 (Doc. 26), and Plaintiff filed her Amended Complaint on August 31, 2021 (Doc. 27).

But the Amended Complaint does not even attempt to correct any of the deficiencies alleged against Safeguard. As discussed above, the FDUTPA and RICO claims are based on the exact same facts and flawed legal theories. Plaintiff alleges nothing new at all against Safeguard on either count. Every allegation against Safeguard is copied and pasted from the original complaint, except for the unjust enrichment claim, which Plaintiff voluntarily deleted in its entirety. If facts or legal theories existed to address the shortcomings of Plaintiff's claims against Safeguard, she surely would have amended her complaint accordingly. Consequently, Plaintiff's inability to amend her claims against Safeguard in the face of a motion to dismiss, even while given leave to do so, further reflects Plaintiff's own recognition that her FDUPTPA and RICO claims are not viable as a matter of law and should be dismissed with prejudice.

.

## Conclusion

Both of the claims that Plaintiff asserts against Safeguard in her Amended Complaint, specifically Counts V and VII, should be dismissed with prejudice. Plaintiff cannot allege that Safeguard, a third party not involved in the dispute between Plaintiff and BANA, owed her any duties—contractual, equitable or otherwise. Assuming the truth of all of Plaintiff's allegations, as explained above, she does not and cannot state plausible claims for relief against Safeguard. And, given these facts, any leave to further amend would be futile as Plaintiff has already demonstrated by declining to amend her claims against Safeguard given the opportunity. Thus, the claims against Safeguard should be dismissed with prejudice.

Dated this 29th day of October, 2021.

Respectfully submitted,

049793.000012 4865-1458-7905.2

*s/ Julie Singer Brady*
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone (407) 649-4000
Facsimile (407) 841-0168
*Of Counsel:*

Dustin M. Dow
Ohio Bar No. 0089599
(*pro hac vice application forthcoming*)
ddow@bakerlaw.com
**BAKER & HOSTETLER LLP**
Key Tower, Suite 2000
127 Public Square
Cleveland, Ohio  44114
Telephone (216) 621-0200
Facsimile (216) 696-0740

*Attorneys for Defendant,*
*Safeguard Properties Management, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 29, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a Notice of Electronic Filing and copy to:

Scott David Hirsch
scott@scotthirschlawgroup.com
**SCOTT HIRSCH LAW GROUP**
6810 N. State Road 7
Coconut Creek, Florida 33073

Daniel E. Gustafson (*pro hac forthcoming*)
dgustafson@gustafsongluek.com
Daniel C. Hedlund (*pro hac forthcoming*)
dhedlund@gustafsongluek.com
David A. Goodwin (*pro hac forthcoming*)
dgoodwin@gustafsongluek.com

Allen W. Burton (*pro hac vice*)
aburton@omm.com
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036

William K. Pao (*pro hac vice*)
wpao@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, CA 90071

| | |
|---|---|
| **GUSTAFSON GLUEK PLLC**<br>Canadian Pacific Plaza, Suite 2600<br>120 South 6th Street<br>Minneapolis, Minnesota 55402<br><br>*Attorneys for Plaintiff,*<br>*Kimn S. Sullivan and Kimberly S. Sullivan* | J. Randolph Liebler<br>jrl@lgplaw.com<br>Dora F. Kaufman<br>dfk@lgplaw.com<br>**LIEBLER, GONZALEZ & PORTUONDO**<br>44 West Flagler Street, Courthouse Tower,<br>25th Floor<br>Miami, FL 33130<br>*(Local Counsel)*<br><br>*Attorneys for Defendant,*<br>*Bank of America, N.A.*<br><br>　　*s/ Julie Singer Brady*　　<br>　　Julie Singer Brady |

049793.000012 4865-1458-7905.2