UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

KIMN S. SULLIVAN a/k/a KIMBERLY SULLIVAN,

    Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

Case No. 9:21-CV-80828-WPD

**DEFENDANT BANK OF AMERICA, N.A.'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

                                                              **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ..................................................................................................................... 2

I.      THE COURT SHOULD STAY THIS CASE UNDER *COLORADO RIVER*. .................. 2

          A.      This suit and the Foreclosure Action are parallel proceedings. ............................ 2

          B.      The *Colorado River* factors require abstention. ..................................................... 3

II.     PLAINTIFF'S INDIVIDUAL CLAIMS FAIL. .................................................................. 5

          A.      Plaintiff's contract-based claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and RICO must be dismissed. .................................................................................................................. 5

                1.      Plaintiff lacks standing to allege breach of contract. ................................ 5

                2.      The implied covenant claim fails with the breach of contract claim. ......... 6

                3.      Plaintiff's RICO claim fails as a matter of law. ......................................... 7

          B.      Plaintiff's consumer protection claims also fail and must be dismissed. .............. 8

                1.      Plaintiff lacks standing to sue under the FDCPA, TILA, and RESPA. ................................................................................................... 8

                2.      Plaintiff's TILA, FDCPA, and RESPA claims are time-barred. ............... 9

                3.      Plaintiff's FDCPA and TILA claims fail on the merits. ............................ 9

                4.      Plaintiff's FDUTPA claim must be dismissed. ......................................... 10

CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarez v. Royal Caribbean Cruises, Ltd.*,
   905 F. Supp. 2d 1334 (S.D. Fla. 2012) ................................................................. 7

*Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*,
   743 F.2d 1519 (11th Cir. 1984) ............................................................................ 4

*Ambrosia Coal & Constr. Co. v. Pages Morales*,
   368 F.3d 1320 (11th Cir. 2004) ..................................................................... 2, 3, 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................... 9, 10

*Baker v. Warner/Chappell Music, Inc.*,
   759 F. App'x 760 (11th Cir. 2018) ....................................................................... 5

*Beepot v. J.P. Morgan Chase Nat'l Corp. Servs.*,
   2011 WL 4529604 (M.D. Fla. Sept. 30, 2011) ..................................................... 4

*Burger King Corp. v. Weaver*,
   169 F.3d 1310 (11th Cir. 1999) ............................................................................ 7

*Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*,
   647 So.2d 1028 (Fla. 4th DCA 1994) ................................................................... 6

*Casey v. Citibank, N.A.*,
   915 F. Supp. 2d 255 (N.D.N.Y. 2013) ................................................................ 10

*Charles v. Deutsche Bank Nat'l Tr. Co.*
   2016 WL 950968 (S.D. Fla. Mar. 14, 2016) ......................................................... 6

*Church v. Accretive Health, Inc.*,
   654 F. App'x 990 (11th Cir. 2016) ....................................................................... 8

*Dykes v. Bank of Am., N.A.*,
   2018 WL 7822282 (S.D. Fla. July 10, 2018) ........................................................ 7

*Feaz v. Wells Fargo Bank, N.A.*,
   745 F.3d 1098 (11th Cir. 2014) .......................................................................... 10

*Forehand v. First Ala. Bank*,
   727 F.2d 1033 (11th Cir. 1984) ............................................................................ 4

*Fred McGilvray, Inc. v. Bank of Am., N.A.*,
   2010 WL 11586436 (S.D. Fla. May 5, 2010) ....................................................... 2

*Hall v. Bank of Am., N.A.*,
   2013 WL 10799537 (S.D. Fla. June 25, 2013) ..................................................... 3

**TABLE OF AUTHORITIES**
*(continued)*

Page(s)

*Hamilton v. Suntrust Mortgage Inc.*,
   6 F. Supp. 3d 1300 (S.D. Fla. 2014) .............................................................................. 4

*Hill v. Resurgent Capital Services, L.P.*,
   461 F. Supp. 3d 1232 (S.D. Fla. 2020) ............................................................................ 8

*Horne v. Potter*,
   392 F. App'x 800 (11th Cir. 2010) .................................................................................. 8

*Hutchinson v. Florida*,
   677 F.3d 1097 (11th Cir. 2012)....................................................................................... 9

*Inspirations Nev. LLC v. Med. Pro Billing, Inc.*,
   2021 WL 2156677 (S.D. Fla. May 26, 2021) ................................................................ 6

*Intercoastal Realty, Inc. v. Tracy*,
   706 F. Supp. 2d 1325 (S.D. Fla. 2010) ........................................................................... 5

*Jackson-Platts v. Gen. Elec. Cap. Corp.*,
   727 F.3d 1127 (11th Cir. 2013)....................................................................................... 4

*Lane v. Wells Fargo Bank N.A.*,
   2013 WL 269133 (N.D. Cal. Jan. 24, 2013) ................................................................ 10

*Padilla v. Porsche Cars N.A., Inc.*,
   391 F. Supp. 3d 1108 (S.D. Fla. 2019) ......................................................................... 10

*Preferred Care Partners Holding Corp. v. Humana, Inc.*,
   2008 WL 11333560 (S.D. Fla. Apr. 14, 2008) .............................................................. 7

*Shallal v. Elson*,
   1999 WL 33957906 (S.D. Fla. Apr. 12, 1999) .............................................................. 3

*Sides v. Simmons*,
   2007 WL 3344405 (S.D. Fla. Nov. 7, 2007).................................................................. 5

*Stephenson v. Cox*,
   223 F. Supp. 2d 119 (D.D.C. 2002) ........................................................................... 8, 9

*United States v. Simpson*,
   2012 WL 628497 (E.D.N.Y. Feb. 27, 2012)................................................................... 9

*Walker v. Cedar Fair, L.P.*,
   520 F. Supp. 3d 925 (N.D. Ohio 2021).......................................................................... 2

*Willson v. Bank of Am., N.A.*,
   2016 WL 8943333 (S.D. Fla. May 23, 2016), *aff'd*, 684 F. App'x 897 (11th Cir. 2017) ......... 3

**TABLE OF AUTHORITIES**
*(continued)*

**Page(s)**

*Wright v. Linebarger Googan Blair & Sampson, LLP*,
  782 F. Supp. 2d 593 (W.D. Tenn. 2011) .................................................................................. 2

**Statutes**

12 U.S.C. § 2605(e)(2) ................................................................................................................. 6

Fla. Stat. Ann. § 501.212(4)(c) .................................................................................................. 10

**Other Authorities**

OFFICE OF THE COMPTROLLER OF THE CURRENCY,
  https://occ.gov/topics/charters-and-licensing/interpretations-and-actions/2021/crad223.pdf
  (last visited Dec. 21, 2021) ..................................................................................................... 10

# **PRELIMINARY STATEMENT**[1]

Plaintiff's Opposition confirms that her claims here are part of a transparent litigation strategy to impede BANA's efforts to foreclose on the property she inhabits—a million-dollar waterfront townhouse she purchased post-foreclosure from an HOA for $7,400, in which she resides without assuming the mortgage or paying a dime toward the outstanding balance. Substantially all of the issues raised by Plaintiff's claims are already teed up in the pending Foreclosure Action—where Plaintiff has asserted the same defenses and counterclaims that she now repackages here—making abstention clearly appropriate.  Contrary to Plaintiff's misstatement of the *Colorado River* doctrine, abstention is warranted where federal and state proceedings involve "substantially the same parties and substantially the same issues"—precisely the circumstance here.  Her attempt to manufacture a distinction between this case and the Foreclosure Action by simply adding Safeguard as a defendant and labelling this a putative class action cannot render two parallel suits any less duplicative.  And her attempt to twist the *Colorado River* factors in her favor falls flat.  When construed properly, those factors point decidedly towards deferring to the court that has already been adjudicating BANA's conduct related to the foreclosure of Plaintiff's property for years.

The Opposition also does nothing to overcome the simple truth that Plaintiff, as a stranger to the Agreement with BANA, cannot proceed with her contract-based claims.  Plaintiff concedes that non-parties lack standing to raise a breach of contract claim and that without a breach of an express term, her implied covenant claim fails as well.  As for her supposed RICO claim, even the case law she cites supports BANA's arguments that Plaintiff's RICO claim is nothing more than a dressed-up breach of contract claim.  This dooms the claim to dismissal, as does her failure to satisfy Rule 9(b).  Plaintiff's consumer protection claims also fail because she is neither a "debtor" nor a "consumer" under the TILA, FDCPA, and RESPA, nor can she extend their statutes of limitations.  Plaintiff also cannot state a substantive claim under the TILA or FDCPA, and she offers no meaningful rebuttal to BANA's arguments demonstrating as much.  Finally, Plaintiff's meritless assertion that her FDUTPA claim survives because BANA is not a national bank is belied by her own allegations.

---

[1] Unless otherwise noted, defined terms have the meanings identified in BANA's motion to dismiss, internal citations and quotations are omitted, and emphases are added.

# ARGUMENT

**I.    THE COURT SHOULD STAY THIS CASE UNDER *COLORADO RIVER*.**

Plaintiff takes aim at the same conduct in BANA's pending Foreclosure Action that she challenges in her misplaced causes of action in this case. Under *Colorado River*, this is precisely the circumstance in which courts should abstain from resolving the second-filed federal case to allow the state court to first resolve the overlapping issues.

**A.    This suit and the Foreclosure Action are parallel proceedings.**

In the Opposition, Plaintiff incorrectly argues that to determine whether cases are parallel under *Colorado River*, "it is not enough to simply analyze whether a claim involves substantially the same parties and substantially the same issues." Opp. at 4. What Plaintiff claims is "not enough" is *precisely* the controlling standard: "*Colorado River* analysis is applicable . . . when federal and state proceedings involve *substantially the same parties* and *substantially the same issues*." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004).

Plaintiff claims—again, incorrectly—that actions are not parallel unless "the resolution of the state court action will also resolve *all* issues in the federal action." Opp. at 4. To the contrary, the law in this district is clear: "[a]bstention is appropriate even if the state court proceedings merely narrows the issues presented in the federal case." *Fred McGilvray, Inc. v. Bank of Am., N.A.*, 2010 WL 11586436, at *2 (S.D. Fla. May 5, 2010).[2]

Although Plaintiff and BANA are parties in both cases, Plaintiff also argues that the parties do not overlap perfectly because she has introduced a co-defendant here, Safeguard, that is not a party to the Foreclosure Action. Opp. at 4. Under binding Eleventh Circuit precedent, however, Plaintiff's addition of a second defendant in this later-filed action does not prevent this case from being a parallel action under *Colorado River*. "Such formalistic requirements would fly in the face of the Supreme Court's clear efforts to fashion a flexible and holistic test." *Ambrosia Coal*, 368 F.3d at 1329–30. If plaintiffs could always avoid abstention by merely tacking on a defendant, "only litigants bereft of imagination" would be subject to *Colorado River*. *See Ambrosia Coal*, 368 F.3d at 1330.

---

[2] The two cases Plaintiff cites in support of her position each arose in different jurisdictions that apply a different test than this Court applies, and each is factually distinguishable. *See Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 603–04 (W.D. Tenn. 2011) (no overlap in defendants and liability theories differed entirely); *Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 931 (N.D. Ohio 2021) (no overlap in alleged conduct).

2

Plaintiff's contention that the cases' issues are not identical is irrelevant. Opp. at 4–5. Again, the controlling standard is whether "two cases involve substantially the same issues," *Ambrosia Coal*, 368 F.3d at 1330, not whether they are "identical." The Amended Complaint is clear that this suit challenges BANA's "property inspection practices and charges," as well as purportedly "excessive costs and fees" related to LPI. Opp. at 5. Plaintiff challenges the same conduct in the Foreclosure Action. *See* Mot. at 6 (table illustrating overlap between cases). Thus, Plaintiff is adjudicating the propriety of the same LPI and property-inspection charges in the state-court action; she should not be permitted to do so in tandem here, where "the danger of inconsistent decisions . . . is high." *See Shallal v. Elson*, 1999 WL 33957906, at *4 (S.D. Fla. Apr. 12, 1999) (abstaining).

It makes no difference that Plaintiff does not technically "seek the same relief" in both cases; all that matters is that the underlying "issues are the same" and the same conduct forms the basis for Plaintiff's allegations. *Willson v. Bank of Am., N.A.*, 2016 WL 8943333, at *3 (S.D. Fla. May 23, 2016), *aff'd*, 684 F. App'x 897 (11th Cir. 2017).[3] Similarly, Plaintiff cannot dress up this case as a "putative class action" to avoid abstention. Opp. at 5. Courts in this Circuit have already rejected such efforts. *See, e.g.*, *Hall v. Bank of Am., N.A.*, 2013 WL 10799537, at *1 (S.D. Fla. June 25, 2013) (staying named plaintiffs' claims in putative federal class action as duplicative of individual state foreclosure cases). In any event, a plaintiff should not be permitted to sidestep *Colorado River* simply by labeling their case a class action, especially here, where Plaintiff alleges highly individualized facts. *Cf. Ambrosia Coal*, 368 F.3d at 1330 (noting that "virtually all cases could be framed to include additional issues or parties").

**B.     The *Colorado River* factors require abstention.**

Plaintiff also tries to reframe the *Colorado River* factors for parallel proceedings like those here, but as BANA has explained, *see* Mot. at 7–11, they clearly support abstention.

***Jurisdiction over Property.*** Plaintiff's argument that abstention is appropriate only when *both* courts are asked to assume jurisdiction over property is simply wrong. Opp. at 6–7. The

---

[3] Citing no authority, Plaintiff erroneously contends that the cases are not parallel because the Foreclosure Action is an "in rem" proceeding and this case is "in personam." Opp. at 4–5. But the first step of the *Colorado River* inquiry focuses on the substantial similarities of issues and parties, not whether an action is in rem or in personam. When *Colorado River* applies, an in rem action weighs in favor of a stay, but the *in rem* v. *in personam* distinction is not relevant to determining whether proceedings are parallel. *See infra* Section I.B.

3

Eleventh Circuit consistently holds that this factor focuses on "whether *one* of the courts has assumed jurisdiction over property," *Ambrosia Coal*, 368 F.3d at 1331, and favors abstention where, as here, there is "*real* property at issue," *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1141 (11th Cir. 2013) (emphasis in original).[4]  Because the court in the Foreclosure Action has assumed jurisdiction over the property, this factor supports abstention.  Mot. at 9.

    ***Order and Progress of Litigation.***  Plaintiff claims that this factor militates against abstention because the Foreclosure Action "has moved at a snail's pace," Opp. at 9, but any "delay" was caused by her: she evaded service of process for three years and filed counterclaims in 2018—and could have filed then the counterclaims she alleges now.  *See* Mot. at 3–4.  Plaintiff's reliance on *Hamilton v. Suntrust Mortgage Inc.*, 6 F. Supp. 3d 1300 (S.D. Fla. 2014), is unavailing.  Unlike here, the federal action there had progressed further than the state-court case, making abstention clearly impractical.  *Id.* at 1307 ("Here, although the state court foreclosure action was filed first, this case has been set for trial.").  Having paid just $7,400 for a property now valued at over $1 million, Plaintiff should not be further rewarded for her delay.

    ***Piecemeal Litigation.***  Plaintiff misstates this factor, which looks only to "the potential for piecemeal litigation." *Ambrosia Coal*, 368 F.3d at 1331.  "[W]hether the concurrent cases involve a federal statute that evinces a policy favoring abstention" is a *separate* consideration, *id.*, but Plaintiff conflates the two, Opp. at 8–9.  In any event, Plaintiff claims that this litigation is "inevitably piecemeal," Opp. at 8, but she once again invokes easily distinguishable authority.  In *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519 (11th Cir. 1984), the litigation was piecemeal because the federal case raised issues the state court would not have to address, so even if the federal court issued a stay, it eventually would have had to adjudicate those issues.  *Id.* at 1525.  Here, by contrast, the same issues are before both courts: Whether BANA properly added property inspection and LPI fees to Plaintiff's loan balance.  There is "a strong possibility that the state court's findings would have a preclusive effect on this case," so this factor "weighs significantly in favor of abstention."  *Beepot v. J.P. Morgan Chase Nat'l Corp. Servs.*, 2011 WL 4529604, at *9 (M.D. Fla. Sept. 30, 2011).

---

[4] Plaintiff's authority is inapposite because it involves *personal* property, not real property.  *See Forehand v. First Ala. Bank*, 727 F.2d 1033, 1034 (11th Cir. 1984) (complaint sought "possession of equipment and livestock").

4

9:21-CV-80828-WPD

***Vexatious or Reactive.***  In claiming that vexatious or reactive conduct is not a factor, Opp. at 11, Plaintiff again misstates the law.  *Baker v. Warner/Chappell Music, Inc.*, 759 F. App'x 760, 764 (11th Cir. 2018) (discussing this factor).  As BANA's motion explains, Mot. at 10, Plaintiff has litigated substantially similar issues in state court—across two actions—for three years, and filed her federal complaint only after adverse rulings in state court, including dismissal of the TILA and RESPA claims she realleges here.  This factor, too, favors abstention.

***Other Factors.***  Neither of the two other factors Plaintiff cites in her favor cuts against abstention.  Opp. at 10.  First, Plaintiff claims that a federal court should hear her claims under federal law, *id.*, but Plaintiff has alleged claims under both federal and state law in both cases, and each court is fully capable of hearing all her claims.  *See Sides v. Simmons*, 2007 WL 3344405, at *5 (S.D. Fla. Nov. 7, 2007) (staying federal case).  Plaintiff also claims that the state court "is inadequate to protect the rights of the putative class."  Opp. at 10.  But the *putative* class is not yet a party to this action.  Crediting Plaintiff's argument would make the words "class action" a talisman to keep duplicative suits in federal court.  In any event, Plaintiff can hardly claim *this* case is necessary to protect the rights of any putative class, where Plaintiff's counsel recently filed a virtually indistinguishable class action complaint—replete with copied and pasted allegations from the Amended Complaint—in the Eastern District of California.  *Castorina v. Bank of Am., N.A.*, Case No. 2:21-cv-02004-WBS-KJN, ECF No. 1.

## II.     PLAINTIFF'S INDIVIDUAL CLAIMS FAIL.

In a last-ditch effort to save her claims, Plaintiff argues facts contradicted by the Amended Complaint and invokes unpersuasive, non-binding (and often no) authority.  In any event, each of her claims rises and falls with her deficient breach of contract claim, and since that claim fails, so too must her other causes of action.

### A.   Plaintiff's contract-based claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and RICO must be dismissed.

#### 1.   Plaintiff lacks standing to allege breach of contract.

In defending her purported standing to bring the claims she asserts in this action, Plaintiff does not dispute that she is neither a party to nor ever assumed the Agreement.  *See* Opp. at 12–13.  Nor does she dispute that she lacks standing under what she concedes is the "well-known principal [sic] of Florida law that '[a] person who is not a party to a contract may not sue for breach of that contract.'"  Opp. at 12 (citing *Intercoastal Realty, Inc. v. Tracy*, 706 F. Supp. 2d 1325, 1329 (S.D. Fla. 2010)).  Instead, citing no authority, Plaintiff concludes that she is a

5

"successor in interest" under RESPA, and that as a result she also has standing to allege a breach of contract. *See* Opp. at 12. But this argument is not even colorable. Even if RESPA applied to her (and as discussed below, it does not), it would entitle her only to certain documents and communications, *see, e.g.*, 12 U.S.C. § 2605(e)(2) (servicers "shall make appropriate corrections in the account of the borrower . . . and transmit to the borrower a written notification of such correction" and "provide . . . a written explanation"), not grant her rights under the Agreement.

The one case Plaintiff cites is easily distinguishable. Opp. at 12. In *Inspirations Nev. LLC v. Med. Pro Billing, Inc.*, 2021 WL 2156677 (S.D. Fla. May 26, 2021), a business executed an agreement with the defendant, but before commencing operations dissolved and formed the plaintiff company, led by the individual who had negotiated the agreement with the defendant. *Id.* at *3. The plaintiff company told the defendant that the original entity had changed its name, and the defendant operated under the agreement with the new entity. *Id.* The court held that the plaintiff had standing to allege fraud claims but ultimately dismissed them with prejudice. *Id.*

Here, unlike in *Inspirations* where the negotiator was involved with both the original and newly formed businesses, *id.*, Plaintiff had no hand in the Agreement between BANA and the borrower, Ms. Mandal, *see* ECF No. 27-1. Plaintiff is a stranger to that contract. Moreover, *Inspirations* held that a plaintiff had standing to sue for *fraud*, not breach of contract. Non-parties, like Plaintiff, may sue for breach of contract only where that person is an intended third-party beneficiary of the contract, which Plaintiff here does not allege to be, nor could she, as she purchased the property more than seven years after the Agreement's execution. *See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1030–31 (Fla. 4th DCA 1994). That Plaintiff was a non-party to the Agreement, never assumed it, and was not an intended beneficiary requires dismissal of her breach of contract claim for lack of standing. Mot. at 3.[5]

### 2. The implied covenant claim fails with the breach of contract claim.

Plaintiff acknowledges that her implied covenant claim fails where, as here, there is no "breach of an express term of the underlying contract." Opp. at 13 (quoting *Burger King Corp.*

---

[5] Plaintiff also fails to satisfy the Agreement's notice and cure provision. Mot. at 12 n.9. Plaintiff conclusorily contends that various letters to BANA satisfied the notice requirement, Opp. at 12, but Plaintiff cites no authority for support, and in any event, her letters failed to adequately notify BANA of her claims. *See* ECF Nos. 27-3–27-5; *Charles v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 950968, at *2–3 (S.D. Fla. Mar. 14, 2016) (requests for information failed to give adequate notice of property inspection claims).

9:21-CV-80828-WPD

*v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999)). As BANA's motion explains, since Plaintiff lacks standing to sue for breach of contract, she cannot allege a breach of the implied covenant. Mot. at 13. Plaintiff contends that her implied covenant claim is viable because its underlying facts differ from those on which she bases her breach of contract claim. Opp. at 13. But this is irrelevant because Plaintiff, as a stranger to the Agreement, cannot first allege a breach of an express term, a requirement she acknowledges must be established to state an implied covenant claim.⁶ And this makes sense: a plaintiff who lacks standing to sue under an Agreement should not be permitted to sue under an implied covenant theory involving the same contract.

        3.      **Plaintiff's RICO claim fails as a matter of law.**

Plaintiff makes no meaningful effort to respond to BANA's RICO arguments. For example, Plaintiff cites *Dykes v. Bank of Am., N.A.*, 2018 WL 7822282 (S.D. Fla. July 10, 2018), apparently to show that her RICO claim is not a dressed-up breach of contract claim. Opp. at 14. But *Dykes* confirms the opposite. There, this Court analyzed whether a notice-and-cure provision applied to fraud-based claims, concluding that it did as applied to property inspection fees because "the servicer's ability to inspect the property arises directly from the provisions of the mortgage agreement." *Id.* at *3. Here, Plaintiff's RICO claim derives from property inspection fees. AC ¶¶ 51–72, 262–309. Since, BANA's "ability to inspect the property arises directly from the provisions of the mortgage agreement," *Dykes* supports BANA's contention that Plaintiff's RICO claim arises from the Agreement and should be dismissed as an improper attempt at alleging a breach of contract as a RICO violation. *See* Mot. at 14.

Plaintiff's contention that she has satisfied Rule 9(b) is similarly deficient. Opp. at 14–15. Plaintiff cannot argue around the Amended Complaint's conclusory, boilerplate allegations. As BANA's motion explains, the Amended Complaint is devoid of the specific facts required to satisfy Rule 9(b) and must be dismissed. Mot. at 14.

---

⁶ Plaintiff's efforts to distinguish the breach of contract and implied covenant allegations fail because the crux of both claims is that BANA assessed property inspection and LPI fees improperly. AC ¶¶ 195, 196, 199, 206, 208. That she characterizes these core facts differently—not "reasonable or appropriate" for breach of contract, AC ¶ 195, "not permitted" for implied covenant, AC ¶ 208—is irrelevant. *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 2008 WL 11333560, at *4 & n.2 (S.D. Fla. Apr. 14, 2008) (both claims dismissed where "relying on the same alleged acts"); *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (implied covenant claim dismissed as redundant).

**B.      Plaintiff's consumer protection claims also fail and must be dismissed.**

**1.      Plaintiff lacks standing to sue under the FDCPA, TILA, and RESPA.**

*FDCPA.* Ignoring virtually all of BANA's arguments, Plaintiff contends that she has standing under the FDCPA because she can demonstrate an "invasion of [her] right to" "information that the FDCPA requires the debt collector to disclose." Opp. at 15. For support, Plaintiff cites two cases analyzing a plaintiff's Article III standing under the FDCPA. *See Hill v. Resurgent Capital Services, L.P.*, 461 F. Supp. 3d 1232, 1237 (S.D. Fla. 2020); *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016). Plaintiff misses the point because the failure of her FDCPA claim is not a function of Article III but a function of the FDCPA's total inapplicability to Plaintiff. As BANA explained in its motion, Mot. at 15, Plaintiff is neither a party to, nor has assumed, the Agreement and thus owes no "obligation" to pay under the loan. Plaintiff wholly ignores this point. With no obligation to pay, Plaintiff is neither a "debtor" nor a "consumer" under the FDCPA. Mot. at 15. This distinguishes *Hill* and *Church*, where each court assumed the FDCPA applied to the plaintiffs.

*TILA.* Plaintiff's TILA argument is premised on a misrepresentation of fact contradicted by her own allegations. According to Plaintiff, she has standing to sue under TILA because she is the "named party to the mortgage and note." Opp. at 16. But the Agreement, which is attached to the Amended Complaint and therefore may be considered by the Court for purposes of this motion, *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010), clearly shows that Ms. Mandal is the signatory. Plaintiff cannot (and does not) dispute that she is not and has never been a party to the Agreement. Thus, as BANA argues in its motion, Plaintiff lacks standing to allege a TILA violation, and the Court must dismiss this claim with prejudice. Mot. at 15–16.

*RESPA.* Plaintiff asserts that she has standing to sue under RESPA because BANA described her as "successor in interest" in certain communications. Opp. at 16. But Plaintiff fails to address BANA's arguments that (i) she is neither a "successor in interest" nor "confirmed successor in interest" under Regulation X, (ii) courts have construed these terms narrowly, and (iii) the alleged communications do not change Plaintiff's legal status under RESPA. Mot. at 16–17; *see generally* Opp. Plaintiff concedes these arguments, warranting dismissal of this claim. *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (unaddressed arguments may be "treat[ed] . . . as conceded, even when the result is dismissal of the entire case").

Plaintiff's effort to invoke equitable estoppel cannot rehabilitate her claim. First, Plaintiff cites no authority (nor can she) for the proposition that equitable estoppel can confer statutory rights on an individual to which the statute does not otherwise apply. *Cf. United States v. Simpson*, 2012 WL 628497, at *2 n.5 (E.D.N.Y. Feb. 27, 2012) ("[C]ourts may not use equitable estoppel to confer citizenship on an alien who has no statutory right to it."). Even if BANA were estopped from arguing that RESPA cannot apply to Plaintiff, RESPA still would not facially apply to her. And in any case, Plaintiff cannot meet the elements she cites in her Opposition. *See* Opp. at 16. Plaintiff fails to sufficiently plead that BANA misrepresented material facts or that it was aware of allegedly "true" facts, nor does she adequately allege that she did not know the "true" facts or that she would have relied on them, *see generally* Opp., since her own allegations demonstrate that she frequently sent notices of error, requests for information, and payoff requests on the erroneous theory that BANA's fees were improper, AC ¶¶ 128–164.

### 2. Plaintiff's TILA, FDCPA, and RESPA claims are time-barred.

The Opposition makes clear that Plaintiff premises her equitable tolling argument on the discovery rule, which does not apply to FDCPA and TILA claims. *See* Opp. at 17–18. Plaintiff argues that BANA concealed its "wrong," thus "*delaying* her right to bring suit." *Id.* at 17. As BANA has explained, the discovery rule cannot expand the limitations period on Plaintiff's FDCPA and TILA claims. Mot. at 18. Even if Plaintiff were invoking equitable tolling, Plaintiff fails to allege sufficient facts to demonstrate "extraordinary circumstances" warranting its application, as she offers up only conclusory labels, such as "affirmatively concealed," "misled," and "knowingly and intentionally engaged in conduct calculated to induce," Opp. at 17, which are insufficient to allege equitable tolling. *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) ("[A]llegations supporting equitable tolling must be specific and not conclusory.").

### 3. Plaintiff's FDCPA and TILA claims fail on the merits.

Plaintiff also fails to address virtually all of BANA's FDCPA and TILA arguments. Specifically, Plaintiff offers no response to BANA's showing that the FDCPA claim is premised on mortgage and payoff statements that cannot serve as the source of an FDCPA claim, and that she fails to satisfy Rule 9(b) in alleging this claim. Plaintiff's FDCPA claim must therefore be dismissed. *Stephenson*, 223 F. Supp. 2d at 121. The Opposition's conclusory arguments that BANA assessed "unnecessary fees" to "deceive" homeowners do not change the result because they are deficient under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), let alone Rule 9(b).

Plaintiff also ignores BANA's argument that it could not have violated TILA by assessing property inspection fees when those fees were already contemplated in the Agreement. Mot. at 19–20. Nor does she dispute that her conclusory allegations that the mortgage and payoff statements were inaccurate fail to state a TILA claim. *Id.* at 20. The only argument Plaintiff can muster is that BANA's alleged "commissions" supposedly received from LPI premiums required a new TILA disclosure because they were "kickbacks." Opp. at 18–19. But the Eleventh Circuit holds that "simply calling a commission a kickback doesn't make it one," and where, as here, the "loan agreement makes it clear that the insurance requirement is for the lender's protection," an LPI premium is not improper. *Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1110–11 (11th Cir. 2014); *Lane v. Wells Fargo Bank N.A.*, 2013 WL 269133, at *15 (N.D. Cal. Jan. 24, 2013) (no TILA disclosure required for commission on insurance contemplated by agreement).[7]

### 4. Plaintiff's FDUTPA claim must be dismissed.

Plaintiff's efforts to create an issue of fact on her FDUTPA claim wildly miss the mark. According to Plaintiff, this claim cannot be resolved at the motion to dismiss stage because whether BANA is a national bank is supposedly a question of fact. Opp. at 19. Yet Plaintiff's own Amended Complaint alleges that BANA is a "national banking association," AC ¶ 8, and it is unquestionable that BANA is a national bank regulated by the OCC.[8] The FDUTPA therefore does not apply to BANA. Fla. Stat. Ann. § 501.212(4)(c); Mot. at 20.

### CONCLUSION

Plaintiff has adopted a transparent litigation strategy: secure more favorable rulings from this Court on substantially similar claims that overlap with the Foreclosure Action and extend her unjust occupation of a property she effectively lives in for free. The Court should at a minimum stay this case in favor of the first-filed Foreclosure Action, where the substantially same issues can be adjudicated. Because Plaintiff's claims are meritless, the Court can alternatively grant BANA's motion to dismiss the Amended Complaint in its entirety with prejudice.

---

[7] In *Casey v. Citibank, N.A.*, 915 F. Supp. 2d 255 (N.D.N.Y. 2013), Opp. at 19, the agreement did not contemplate the relevant insurance; here it did. *See* ECF No. 27-1.
[8] *See, e.g.*, OFFICE OF THE COMPTROLLER OF THE CURRENCY, https://occ.gov/topics/charters-and-licensing/interpretations-and-actions/2021/crad223.pdf (last visited Dec. 21, 2021) (communication demonstrating OCC regulation of BANA); *Padilla v. Porsche Cars N.A., Inc.*, 391 F. Supp. 3d 1108, 1113 (S.D. Fla. 2019) (judicial notice of government websites is proper).

DATED: January 7, 2022          Respectfully submitted,

/s/ *Allen W. Burton*
Allen W. Burton (*pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000
aburton@omm.com

William K. Pao (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000
wpao@omm.com

/s/ *Dora F. Kaufman*
J. Randolph Liebler (Florida Bar #507954)
Dora F. Kaufman (Florida Bar #771244)
LIEBLER, GONZALEZ & PORTUONDO
44 West Flagler Street, Courthouse Tower,
25th Floor
Miami, FL 33130
(305) 379-0400
jrl@lgplaw.com
dfk@lgplaw.com
(Local Counsel)

*Attorneys for Defendant Bank of America, N.A.*

11

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY the foregoing document was filed with the Clerk of the Court using CM/ECF on this 7th day of January, 2022.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

                                              */s/ Dora F. Kaufman*
                                              DORA F. KAUFMAN