UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-80828-WPD

KIMN S. SULLIVAN a/k/a
KIMBERLY S. SULLIVAN, individually
and on behalf of those similarly situated
        Plaintiff,

v.

BANK OF AMERICA, N.A., and
SAFEGUARD PROPERTIES
MANAGEMENT, LLC,
        Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE

THIS CAUSE is before the Court on Defendant Bank of America, N.A. ("BANA")'s

Request for Judicial Notice in support of Defendant BANA's Motion to Dismiss (the "Motion"),

filed herein on October 29, 2021. [DE 30].  No response has been filed and the deadline to

respond has passed.  The Court has carefully considered the Motion [DE 30] and is otherwise

fully advised in the premises.

Defendant BANA asks the Court to take judicial notice of public documents available

through government websites and documents filed in prior litigation. *See* [DE 30].

"The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

Evid. 201(b). The Court "may take judicial notice on its own" or "must take judicial notice if a

party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Public documents and records meet the Rule 201 criteria and are thus "among the permissible facts that a district court may consider." *Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).1278); *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1081 (S.D. Fla. 2019) ("A court properly takes judicial notice of relevant public records in deciding a motion to dismiss, and consideration of such documents does not convert a motion to dismiss into one for summary judgment.").

A "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992); *see also McDowell Bey v. Vega*, 588 F. App'x 923, 926–27 (11th Cir. 2014) (finding that district court properly took judicial notice of entries appearing on state court's docket sheet). "Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation." *Jones*, 29 F.3d at 1553 (citations omitted). The Court may also judicially notice the subject matter of those suits and the disposition of those cases from the public record.  The Court cannot take judicial notice of the specific allegations of previous lawsuits for the truth of the matter asserted. *Jones*, 29 F.3d at 1553 (citations omitted).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The Motion [DE 30] is **GRANTED**;

2.    In deciding BANA's Motion to Dismiss, the Court will take judicial notice of the public records and the filings from BANA's foreclosure action and Plaintiff's

state court action against BANA, attached as exhibits to BANA's Motion. *See*

[DE 30-1 through 30-28], subject to the limitations set forth above.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this

10th day of January, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record